

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**DAVID S. THAYER**
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

January 30, 2026

***Via ECF***

The Honorable Arun Subramanian
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **Cruz v. City of New York, *et al.*, No. 25 CV 1970 (AS)**

Dear Judge Subramanian:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, Muriel Goode-Trufant, attorney for the Defendants in the above-referenced action. Together with Plaintiff's counsel, I write to respectfully request the Court's endorsement of the proposed Stipulation and Protective Order, which is attached. Consistent with the Court's Individual Practices, I will also provide Chambers with a redlined version of this proposed Stipulation and Protective Order, reflecting the parties' proposed alterations to the Court's Model Protective Order.

The parties' proposed alterations to the Court's Model Protective Order, in principal part, extend the definition of Confidential discovery material to include medical and/or mental health records, employment and/or disciplinary records, and arrest records. Additionally, the proposed alterations permit disclosure of Confidential material to (i) support staff at the parties' counsel's respective offices (to reflect that such staff may not be "assigned to" particular matters in the regular course of business), (ii) to court reporters and the interpreters assisting them (given that this action involves a plaintiff who communicates in a sign language and interpretation will be necessary), and (iii) to third-party vendors who may be engaged to assist in the analysis of documents or data or in trial preparation. Lastly, the proposed alterations provide for the parties' use of their own Confidential material and acknowledge that the Defendant City of New York, in particular, may be obliged to maintain the confidentiality of material pursuant to a variety of

statutes and regulations and that the proposed Protective Order does not otherwise negate or obviate those obligations.

The parties thank the Court for its consideration of this application.

Respectfully yours,

*/s/ David S. Thayer*

David S. Thayer

cc:    *Via ECF*
       All counsel of record

The Court already granted this motion and entered the protective order, *see* Dkt. 21, so the Clerk of Court is respectfully directed to terminate the motion at Dkt. 20.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 12, 2026

2