Clara R. Smit, Esq.
ATTORNEY AT LAW

100 Horizon Center Boulevard, Hamilton, NJ 08691
Telephone (732) 843-6600 · VP by appointment
Fax (877)617-3494 · email: crsmitlaw@aol.com
www.DeafRightsAttorney.com

November 17, 2026

***Via ECF***

The Honorable Arun Subramanian
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Cruz v. City of New York, *et al.*, No. 25 CV 1970 (AS)**

Dear Judge Subramanian:

We represent Blanca Cruz, the Plaintiff in this action. We respectfully request a conference with Your Honor as the parties have reached a discovery impasse. Blanca Cruz is profoundly deaf and communicates in American Sign Language. This case arises out of the arrest and incarceration of Ms. Cruz by the New York City Police Department ("NYPD") and its failure to ensure effective communication with the provision of reasonable accommodations (i.e., sign language interpreters) in violation of Federal, State and City laws.

It should be noted that this is the second matter brought against the NYPD for its failure to ensure effective communication for Blanca Cruz. Previously, a lawsuit was brought for the same reasons upon which this lawsuit is based: the failure to repeatedly provide Ms. Cruz with sign language interpreters. The NYPD was on notice at the time the instant matter arose that there was an individual who resided in the apartment to which they were responding and that a sign language interpreter was required for effective communication, but they failed to provide interpreters.

This letter motion is submitted seeking a conference to discuss granting, by a date certain, a directive from your Honor that requires the Defendants to produce documents and information in response to reasonable discovery demands that arise out of the NYPD's basic police enforcement protocols and to extend the discovery deadline in light of the Defendants' failure to timely produce documents and information. The discovery demands specifically include the production of: 911 Sprint Records from the evening that Ms. Cruz was arrested; the Desk Sergeant command log for that evening; Domestic Incident Reports; the Pedigree Sheet; photos referred to

in the bodycams of police officers who responded to the scene; prior incident reports involving either Plaintiff and/or her brother; memo books of the officers involved; Language Line records reflecting the purported use of interpreters; prior lawsuits against the officers; aided cards for Plaintiff and/or her brother; U.F.61 forms; the remaining identities of individuals attached to the bodycams, although certain identities have been provided; and all individuals who had any interaction with the Plaintiff during the arrest, booking and incarceration (hereinafter the "Requested Documents and Information").

The Requested Documents and Information are generated by, or known to the NYPD when responding to a call, including a call involving domestic violence. To the best of our understanding, the Assistant Corporation Counsel assigned to this matter—David Thayer, Esq.—does not dispute that the outstanding documents and information sought are proper discovery demands. We can only conclude that the NYPD bureaucracy must have failed Mr. Thayer in satisfying our discovery demands. Although discovery has been provided, far less than full discovery has been provided to date; apparently, the NYPD does not take seriously Mr. Thayer's requests for basic documents and information or this Court's discovery deadline. All critical documents and information have not yet been provided. Accordingly, we are concerned that we will not be able to complete discovery by December 29th because of the delay in the production of all documents and information which are necessary to be received before depositions occur.

We respectfully provide a brief outline of the history of discovery in our efforts to secure an order from this Honorable Court directing a conference to discuss the City's failure to fully respond to our demand for the Requested Documents and Information.

In response to our initial request for document production, which was sent on September 10, 2025 (a true copy of Plaintiff's Notice to Produce, dated September 10, 2025, is attached as Exhibit A), we received initially only one document, which is NYPD's policy when encountering a deaf person. (A true copy of Defendants' Response to our Notice to Produce and the document sent is attached as Exhibit B). The nature of the responses to most of our requests has been that Defendants will continue to search for relevant documents. After defense counsel informed us that he required a release to receive documents (which we provided) and an executed protective order (which we signed), we received in February 2026 the police incident report, activity logs for two police officers (out of seven police officers) and bodycam footage from five police officers. As we had requested many other documents and information, we sent emails and initiated calls with defense counsel to try to obtain documents and information. Defense counsel assured us that he was working on responding, but apparently we can only conclude, that due to the bureaucracy involved, Mr. Thayer has been unable to secure critical documents and information responsive to our reasonable requests, although he has provided partial, limited discovery.

Incidentally, over the course of approximately four months, we discussed and agreed to a mediation session to settle this matter, however, an agreement could not be reached as a result of the mediation.

On September 2, 2026, September 28, 2026 and October 15, 2026, we respectfully persisted in securing the Requested Documents and Information which are relevant to Blanca Cruz's arrest and incarceration and thus should have been provided in response to our very first

document request. (A true copy of our Supplemental Request to Produce, dated September 3, 2026, is attached as Exhibit C; a true copy of our Second Supplemental Request to Produce, dated September 28, 2026, is attached as Exhibit D; and a true copy of our email to defense counsel again reiterating our requests is attached as Exhibit E.) When we still had not received all of the documents and information, we jointly made another request to this Honorable Court (which was granted, extending discovery to December 29th) as depositions could not be commenced without the production of the many remaining critical documents and information.

We have met and conferred with David Thayer on a range of occasions and sent numerous emails requesting outstanding discovery. As mentioned, Mr. Thayer has gradually produced limited discovery, but critical documents and information have not yet been provided.

On September 28th, 2026, for example, my co-counsel's notes indicate that Mr. Thayer, Bruce Gitlin (my co-counsel) and I met by phone at 1:00pm for approximately more than 15 minutes to discuss outstanding discovery. Mr. Thayer spoke about his efforts to produce outstanding discovery, but outstanding discovery remains to date.

On October 21, 2026 my co-counsel's notes indicate that Mr. Thayer, Mr. Gitlin and I met by phone at 1:30pm for approximately 15 minutes to continue to discuss outstanding discovery. On October 28, 2026, my co-counsel's notes indicate that Mr. Thayer, Mr. Gitlin and I met by phone at 1:00pm for approximately 15 minutes to continue to discuss outstanding discovery. On November 3rd, 2026, my co-counsel's notes indicate that Mr. Thayer, my co-counsel and I met by phone at 3:00pm for approximately 15 minutes to continue to discuss outstanding discovery.

On October 28, 2026, and at other times since then, we informed Mr. Thayer that we will be compelled to make this motion if we do not receive the outstanding discovery. We respectfully ask that this Honorable Court order a conference, where we will seek an order directing the Defendants to produce by a date certain documents and information and extend the discovery deadline. Thank you in advance for your continued consideration in this matter.

Very truly yours,
*/s/ Clara R. Smit*
**Clara R. Smit**

cc: Via ECF

Defendants are directed to submit any opposition to plaintiff's request to compel production of outstanding discovery on or before November 20, 2026.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 17, 2026